IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MRITUNJOY SENGUPTA,<br><br>        Plaintiff,<br><br>  vs.<br><br>UNIVERSITY OF ALASKA FAIRBANKS, UNIVERSITY OF ALASKA,<br><br>        Defendants. | Case No. 4:07-cv-19   TMB<br><br>**O R D E R**<br>**Docket Nos. 16 & 23** |

      The Court has reviewed the pleadings in this matter, including Defendants' Motion for Summary Judgment, Plaintiff's Opposition and Cross-Motion for Summary Judgment, Defendants' Reply, and Plaintiff's Sur-Reply (Docket nos. 16, 20, 21 & 25). Oral argument has not been requested, and the Court does not find that it would be helpful.

      Plaintiff Mritunjoy Sengupta ("Sengupta") has filed a Complaint against Defendants University of Alaska and University of Alaska Fairbanks (collectively "University"), challenging the refusal of the University to hire him as a professor in 2006. Sengupta alleges that the refusal to hire him violated Title VII, § 1983, § 1981, and the Fourteenth Amendment to the U.S. Constitution. Sengupta further alleges that his termination for cause in 1995 from University employment violated both the Fourteenth Amendment and Title VII. The Complaint marks the latest chapter in a long line of litigation between Sengupta and the University which dates back to 1992. *See, e.g., Sengupta v. University of Alaska*, 21 P.3d 1240 (Alaska 2001); *Sengupta v. University of Alaska, et al.*, 139 P.3d 572 (Alaska 2006).

      The University seeks summary judgment as to all the claims set forth by Sengupta in his Complaint, arguing that: 1) The §§ 1981 and 1983 claims are barred by the 11th Amendment to the U.S. Constitution; 2) The Title VII claim is barred because Sengupta cannot establish a *prima facie* case of discrimination; 3) The 14th Amendment challenge to the refusal to hire Sengupta in 2006 fails because the challenge is duplicative of Sengupta's §§ 1981 and 1983 claims and because

1

Sengupta is no longer a tenured professor at the University; and 4) Sengupta is barred by the doctrines of *res judicata* and collateral estoppel from challenging his 1995 termination for cause, because Sengupta has litigated and lost this precise issue three times.

To the extent that Plaintiff's case is an attempt to relitigate his 1995 termination from the University, his case is barred. As it appears that the remainder of Plaintiff's claims hinge on alleged misconduct on the part of the University for failing to consider him for a 2006 position, his claims must fail. The University has presented evidence that Sengupta's application was screened out at the application stage, in light of his previous termination for cause in 1995.[1] Accordingly, the University's refusal to hire him was a decision formed on a procedural, non-discriminatory basis. There is no evidence of a violation of Title VII, § 1983, § 1981, or the Fourteenth Amendment to the U.S. Constitution

In light of the foregoing, Defendants' Motion for Summary Judgment at Docket 16 is GRANTED. Plaintiff's Cross-Motion for Summary Judgment at Docket 20 is DENIED. The Motion to Amend the Complaint at Docket 23 is DENIED. This matter DISMISSED WITH PREJUDICE.

Dated at Anchorage, Alaska, this 2nd day of April 2008.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge

---

[1] *See* Affidavit of Carolyn Chapman, Docket 16, Ex. B.